**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 21 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NICK ALFRED OWENS,

Defendant-Appellant.

No. 97-6214
(D.C. No. 94-CR-64)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Nick Owens was convicted by a jury of various drug-related charges. His convictions were affirmed by this court, but the case was remanded for resentencing because Owens' role was not that of a leader or organizer. See United States v. Owens, 70 F.3d 1118, 1129, 1132 (10th Cir. 1995).

After resentencing, Owens filed a pleading in the district court entitled "Motion for Judgment" in his criminal case in which he cited various rules of civil procedure and relied on arguments typically advanced by tax protesters. On May 21, 1997, the district court filed an order denying Owens' motion. That order was entered on the court's docket on May 29, 1997.

Owens had ten days after the entry of the order in which to file his notice of appeal. See Fed. R. App. P. 4(b). His notice of appeal indicates that it was placed in the mail on June 11, 1997.[1] Because Owens' notice of appeal was filed more than ten days after the entry of the order appealed from, this court has no jurisdiction over this appeal. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (holding that compliance with Rule 4(b) is mandatory and jurisdictional).

---

[1] Because Owens was confined in a penal institution, Fed. R. App. P. 4(c) governs the timeliness of his notice of appeal. That rule measures timeliness from the date a notice is deposited in an institution's internal mail system and specifies the necessary certifications.

Owens' Motion for Mandate, Motion for Expedited Ruling, Motion to Vacate Judgment and Release, and Motion to Correct Reversible Errors are denied. This appeal is DISMISSED.

Entered for the Court

James E. Barrett
Senior Circuit Judge